UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NAKIA EPPS CARSON o/b/o J.C.

        Plaintiff,

      v.                              **REPORT AND RECOMMENDATION**
                                     **10-CV-00708 (FJS/VEB)**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,

        Defendant,

## I. Introduction

In April 2003, Plaintiff Nakia Epps Carson, on behalf of her minor child, J.C., filed an application for Supplemental Security Income ("SSI") under the Social Security Act ("the Act"). Plaintiff alleges J.C. has been disabled since March 24, 2003, due to various mental impairments, including attention deficit hyperactivity disorder ("ADHD"), a learning disorder, speech and language impairments, and borderline intellectual functioning. The Commissioner of Social Security ("Commissioner") denied Plaintiff's application.

Plaintiff, through her attorney, Ms. Louise M. Tarantino, commenced this action on June 17, 2010, by filing a Complaint in the United States District Court for the Northern District of New York. (Docket No. 1). Plaintiff seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

On February 15, 2011, the Honorable Norman A. Mordue, Chief United States District Judge, referred this case to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 16).

## II. Background

The relevant procedural history may be summarized as follows: Plaintiff initially applied for SSI on April 7, 2003, alleging disability beginning on March 24, 2003 (R. at 169-70).[1] Plaintiff alleged disability due to various mental impairments, including ADHD, a learning disorder, speech and language impairments, and borderline intellectual functioning. The application was denied (R. at 33-36). Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ") (R. at 37). A hearing was held in Albany, New York, on August 24, 2004, before ALJ Thomas Zolezzi (R. at 615-39). On October 8, 2004, ALJ Zolezzi issued a decision finding J.C. not disabled (R. at 64-71). Plaintiff filed a request for review of that decision (R. at 88). On February 16, 2006, the Appeals council remanded the case to the ALJ (R. at 122-24). A subsequent hearing was held before ALJ Zolezzi, in Albany, NY, on May 16, 2006 (R. at 587-608). On May 30, 2006, ALJ Zolezzi issued a decision again finding J.C. not disabled (R. at 642-47). Plaintiff filed a request for review of that decision (R. at 132). On May 17, 2008, the Appeals Council once again remanded to the ALJ (R. at 146-49). A third hearing was held before ALJ Robert Wright, on April 6, 2009, in Albany NY (R. at 565-86). On May 21, 2009, ALJ Wright issued a decision denying disability (R. at 13-31). The ALJ's decision became the Commissioner's final decision on April 16, 2010, when the Appeals Council denied Plaintiff's request for review (R. at 6-9).

Plaintiff, through counsel, timely commenced this action on June 17, 2010. (Docket No. 1). The Commissioner interposed an Answer on October 12, 2010. (Docket No. 7). Plaintiff filed a supporting Brief on January 14, 2011. (Docket No. 14). The

---

[1] Citations to "R" refer to the Administrative Transcript and Supplemental Administrative Transcript. (Docket Nos. 9, 10).

Commissioner filed a Brief in opposition on March 4, 2011. (Docket No. 19).

Pursuant to General Order No. 18, issued by the Chief District Judge of the Northern District of New York on September 12, 2003, this Court will proceed as if both parties had accompanied their briefs with a motion for judgment on the pleadings.[2]

For the reasons that follow, it is respectfully recommended that the Commissioner's motion be denied, Plaintiff's motion be granted, and that this case be remanded for further proceedings.

### III.Discussion

### A.    Legal Standard and Scope of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383 (c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); see Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v.

---

[2] General Order No. 18 provides, in pertinent part, that "[t]he Magistrate Judge will treat the proceeding as if both parties had accompanied their briefs with a motion for judgment on the pleadings."

Perales, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

A child is deemed disabled under the Act if he has "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(C)(i). The Commissioner has established the following three-step sequential evaluation to determine whether a child is disabled: first, the ALJ must determine whether the child has engaged in "substantial gainful activity." 20 C.F.R. §416.924(a), (b). If the child has engaged in substantial gainful activity he will be found

4

not disabled. Id. If not, the analysis will continue. At step two, the ALJ must determine whether the child "ha[s] a medically determinable impairment(s) that is severe." §416.924(c). "If you do not have a medically determinable impairment, or your impairment(s) is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations, [the ALJ] will find that you do not have a severe impairment(s) and are, therefore, not disabled." Id. Finally, at step three, the ALJ must determine whether the child "meet[s], medically equal[s], or functionally equal[s] the listings." § 416.924(d). To functionally equal the Listings, the ALJ must evaluate six domains: "[a]cquiring and using information; [a]ttending and completing tasks; [i]nteracting and relating with others; [m]oving about and manipulating objections; [c]aring for yourself; and, [h]ealth and physical well-being." § 416.926a(b)(1)(i)-(vi).  A child's "impairment(s) is of listing-level severity if [he or she has] 'marked' limitations in two of the domains . . .or an 'extreme' limitation in one domain." § 416.92a(d).

 For the reasons that follow, it is recommended that the matter be remanded for failure to weigh the medical and non-medical opinions of record.

 **B. Analysis**

  **1.  The Commissioner's Decision**

 The ALJ made the following findings with regard to factual information as well as the three-step process set forth above: the ALJ first found that J.C. was a school-age child at the date of application, and was an adolescent at the time of his decision (R. at 16). The ALJ next found that J.C. had not engaged in substantial gainful activity at any point relevant to his decision. Id. At step two, the ALJ found J.C.'s ADHD, "learning disability and speech and language deficits" to be severe impairments. Id. However, the

ALJ also found that J.C.'s impairments did not meet or medically equal a Listed impairment. Id. The ALJ then found that J.C.'s impairments did not functionally equal the Listings. Id. Specifically, J.C. was found to have a marked limitation in the acquiring and using information domain, less than marked limitations in the attending and completing tasks domain, less than marked limitations in the interacting and relating with others domain, and no limitations in the remaining domains (R. at 23-31). J.C.'s subjective complaints, as stated by his mother, were found to be "not credible to the extent they [we]re inconsistent with finding that the claimant d[id] not have an impairment or combination of impairments that functionally equal[ed] the listings" (R. at 17). Ultimately, the ALJ found that J.C. was not under a disability at any time from the date of his application (R. at 31).

### 2.  Plaintiff's Claims:

Plaintiff argues that the ALJ's decision is neither supported by substantial evidence nor made in accordance with the applicable legal standards. Specifically, Plaintiff argues that the ALJ erred in failing to find that J.C. functionally equaled the Listings.

### a)  The ALJ Erroneously Failed to Weigh Nearly All of the Medical and Non-Medical Opinions of Record

Plaintiff argues that the ALJ erred in failing to find that J.C. functionally equaled the Listings. Plaintiff's Brief, pp. 22-31. Specifically Plaintiff contends that the ALJ erred in failing to find that JC was afflicted with marked limitations in the attending and completing tasks domain and in the interacting and relating to others domain.[3] Plaintiff's

---

[3] Plaintiff does not challenge the ALJ's positive finding of a marked limitation in the acquiring and using information domain, and no imitations in the remaining domains. Plaintiff's Brief, p. 22, n. 23.

Brief, pp. 24-31.  Plaintiff also contends that the ALJ failed to adequately consider the effects of J.C.'s structured school setting in the decision. Plaintiff's Brief, pp. 23-24.

In support of her argument that J.C. had at least marked limitations in the two relevant domains, Plaintiff cites to the opinions from Ms. Jill Gainor, J.C.'s fourth grade teacher. Plaintiff's Brief, pp. 26-27, 28-29. Ms. Gainor completed a questionnaire of J.C.'s functioning in May 2006 (R. at 374-81). Ms. Gainor was asked to rate J.C.'s functioning in each of the domains on the following scale: no problem, a slight problem, an obvious problem, a serious problem, and a very serious problem. In the "attending and completing tasks" domain, Ms. Gainor indicated that J.C.'s functioning generally was either a serious problem or a very serious problem (R. at 376). Ms. Gainor stated that J.C.'s functioning in the "interacting and relating with others" domain, ranged generally from a slight problem to a serious problem (R. at 377). Thus, Ms. Gainor's opinions generally support the finding of at least marked limitations in the two relevant domains. See 20 C.F.R. § 416.926a(e)(2)(i) (a "marked" limitation finding would be appropriate when the child's "impairment(s) interferes seriously with [his] ability to independently initiate, sustain, or complete activities"); 20 C.F.R. § 416.926a(e)(3)(1); (an "extreme" limitation finding would be appropriate when the child's "impairment(s) interferes very seriously with [his] ability to independently initiate, sustain, or complete activities").

ALJs are instructed to consider the following factors to determine the appropriate weight to afford a medical opinion: (1) whether the source examined the claimant; (2) whether the source had a treating relationship with the claimant; (3) the supporting evidence submitted by the source; (4) the consistency of the opinion with the record; (5)

whether the source is a specialist; and (6) any other factors "which tend to support or contradict the opinion." 20 C.F.R. §§ 404.1527(d)(1)-(6). These same factors should also be considered when evaluating the opinions from "other sources," such as those from J.C.'s teachers. Social Security Ruling 06-03p, 2006 WL 2329939, at *4-5 (S.S.A).

However, the Court's ability to review the ALJ's decision is frustrated by his failure to weigh nearly all the opinions of record, including those from Ms. Gainor. See Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984) (requiring the Commissioner to set forth "the crucial factors in [his] determination . . . with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence.") (internal citations removed). Indeed, not only did the ALJ fail to weigh Ms. Gainor's opinions, he made no mention of her findings in his decision. The ALJ's failure to discuss Ms. Gainor's opinions is especially troubling given that the Appeals Council specifically referenced her findings in its remand order (R. at 147) (the Appeals Council found it unclear whether the previous ALJ's decision was supported by substantial evidence, based in part, on Ms. Gainor's opinions).

The findings from Dr. Julianne Randall, the SSA non-examining review physician, were the only opinions to which the ALJ assigned a weight[4] (R. at 22). In doing so, the ALJ failed to weigh the remaining opinions of record, including the opinions from Ms. Gainor, J.C.'s fourth grade teacher, whose opinions are discussed above. (R. at 374-81). The ALJ also failed to weigh the opinions from the only other teacher to provide an opinion of J.C.'s functioning in each of the domains: Ms. Michele Deguire, J.C.'s second grade teacher (R. at 332-37). Ms. Deguire completed a child functioning questionnaire

---

[4] The ALJ found that Dr. Randall's opinions of less than marked limitations in all domains supported his conclusion that J.C. was not disabled (R. at 22).

in August 2004 (R. at 332-37). Ms. Deguire was asked to rate J.C.'s difficulties in each of the domains based on the following scale: never, sometimes (occurring less than one-half of the time), often (occurring between one-half and two-thirds of the time), and always (occurring more than two-thirds of the time) (R. at 332). Ms. Deguire found that J.C. generally often had difficulties in the attending and completing tasks domain (R. at 335). In the interacting and relating with others domain, Ms. Deguire found that J.C. generally either often had difficulties or sometimes had difficulties (R. at 333-34). She further noted that J.C. "neede[ed] constant intervention before inappropriate behavior occur[red]" (R. at 334). Thus, Ms. Deguire's opinions certainly indicate limitations in the two relevant domains,[5] and may support a finding of marked limitations.

      Dr. Rigberg, the SSA examining psychologist, also found that J.C. had difficulties relating with others. Specifically, Dr. Rigberg found that J.C. "seem[ed] to have some trouble adequately maintaining appropriate social behavior, but this ha[d] improved since he began taking his medication. . . . He ha[d] some trouble interacting adequately with peers but seem[ed] to be better with adults" (R. at 222). Again, these opinions were not weighed by the ALJ.

      The ALJ also failed to weigh the opinion from Mrs. Habernig, J.C.'s first grade teacher, that J.C. "d[id] not get along with his peers," "[h]e c[ould] be physical with [his peers]," and that his problems were "extremely severe" when compared to classmates of the same age and sex (R. at 252).  Ms. S. Jennifer Squadrito, an examining school psychologist, noted that prior to the implementation of medication, a behavior rating scale completed by "Mrs. Haberning [sic] indicated clinically significant concern

---

[5] Plaintiff limits her argument to the attending and completing tasks domain and the interacting and relating to others domain. Plaintiff's Brief, p. 22, n. 23.

regarding hyperactivity and aggression" (R. at 282-86). Ms. Danielle DeInnocentis, an examining school psychologist, "hypothesized that [J.C.] engage[ed] in disruptive behaviors to gain adult and peer attention. It appear[ed] that [J.C.] ha[d] not yet acquired the skills to appropriately communicate his needs to his teachers" (R. at 464).

The ALJ's failure to weigh nearly every opinion of record necessitates remand. See 20 C.F.R. § 404.1527(d) ("Regardless of its source, we will evaluate every medical opinion we receive."); Social Security Ruling 96-6p, 1996 WL 374180 at *2 (S.S.A.) ("Administrative law judges . . . are not bound by findings made by State agency . . . physicians and psychologists, but they . . . must explain the weight given to the opinions in their decisions."); Silberman v. Astrue, 2009 WL 2778245, at *2 (S.D.N.Y. Sept. 1, 2009) (internal citations removed) ("[T]he ALJ['s] fail[ure] to explain the weight accorded to the testimony of Plaintiff's treating therapist . . is independently grounds for remand.").

Moreover, it is well settled that the ALJ cannot "pick and choose evidence in the record that supports his conclusions." Cruz v. Barnhart, 343 F.Supp.2d 218, 224 (S.D.N.Y. 2004) (internal citations and quotations omitted). In this case, the ALJ afforded weight only to the most supportive opinion, while failing to weigh nearly every opinion of record.

The Court therefore recommends remand to allow the ALJ an opportunity to weigh the medical and non-medical opinions of record.

Plaintiff further contends that the ALJ erred in failing to consider the effects of J.C.'s structured setting. The Court agrees. Plaintiff's Brief, pp. 23-24. "In general, if a child needs a person, medication, treatment, device, or structured, supportive setting to

make his functioning possible or to improve the functioning, the child will not be as independent as same-age peers who do not have impairments. Such a child will have a limitation, even if he is functioning well with the help or support." Social Security Ruling 09-1p, 2009 WL 396031 at *6 (S.S.A). The ALJ noted at several points in his decision that J.C. required a "highly structured learning environment," and a "structured classroom" (R. at 19, 21). However, he failed to consider the impact of the structured setting on J.C.'s behavior. This should be considered on remand.

## IV. Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" Butts v. Barnhart, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand is "appropriate where, due to inconsistencies in the medical evidence and/or significant gaps in the record, further findings would . . . plainly help to assure the proper disposition of [a] claim." Kirkland v. Astrue, 2008 WL 267429, at *8 (E.D.N.Y. Jan. 29, 2008).

Based on the foregoing the Court recommends remand for failure to weigh nearly all the medical and non-medical opinions of record. The Court will not, as Plaintiff argues, remand solely for calculation of benefits because the evidence of record does not conclusively establish that J.C. is disabled. See Heath v. Astrue, 2008 WL 1850649, at *1 (E.D.N.Y. Apr. 24, 2008) (citing 20 C.F.R. § 404.1527(e)(2); Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999)). Moreover, remanding for calculation of benefits is improper in this case because the ALJ must apply the proper legal standards in

weighing the medical and non-medical opinions of record. See Butts, 388 F.3d at 385-86.

Nonetheless, Plaintiff's case has previously been remanded twice by the Appeals Council, and Plaintiff initially applied for SSI, on behalf of J.C., eight years ago. Therefore, this Court recommends the Commissioner be directed to complete further administrative proceedings within 60 days of the issuance of this order, and if upon remand, the ALJ denies Plaintiff's claim, the Commissioner be directed to issue a final decision within 60 days of any appeal. "If these deadlines are not observed, a calculation of benefits owed [Plaintiff] must be made immediately," Butts, 388 F.3d at 387, unless Plaintiff is the cause of the delay in meeting those deadlines. Heath, 2008 WL 1850649, at *2.

## V.Conclusion

For the foregoing reasons, the Court finds that a remand is necessary and warranted. Accordingly, it is respectfully recommended that the Commissioner's decision denying disability benefits be REMANDED for further proceedings in accordance with this recommendation and pursuant to sentence four of 42 U.S.C. Section 405(g).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

Syracuse, New York
DATED:        April 28, 2011

**ORDER**

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby


**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.


**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.


**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>**

 *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);   *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989);   *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir.1988).

Let the Clerk send a copy of this Report and recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

Victor E. Bianchini
United States Magistrate Judge

Syracuse, New York
DATED:        April 28, 2011

13