UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NAKIA EPPS CARSON on behalf of J.C.,

                              **Plaintiff,**

                    v.                            1:10-CV-708
                                                  (FJS/VEB)

**MICHAEL J. ASTRUE, Commissioner,**
**Social Security Administration,**

                              **Defendant.**
_____

**APPEARANCES**                                **OF COUNSEL**

**EMPIRE JUSTICE CENTER**            **LOUISE MARIE TARANTINO, ESQ.**
119 Washington Avenue, 2nd Floor
Albany, New York 12210
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **DENNIS J. CANNING, ESQ.**
**OFFICE OF REGIONAL GENERAL**       **ELIZABETH D. ROTHSTEIN, ESQ.**
**COUNSEL, REGION II**
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**SCULLIN, Senior Judge**

## ORDER

      In April 2003, Plaintiff, on behalf of her minor child, J.C., filed an application for Supplemental Security Income ("SSI") under the Social Security Act. Plaintiff alleged that J.C. had been disabled since March 24, 2003, due to various mental impairments, including attention deficit hyperactivity disorder, a learning disorder, speech and language impairments, and borderline intellectual functioning. Defendant denied Plaintiff's application.

      On June 17, 2010, Plaintiff timely filed this action, seeking judicial review of Defendant's

decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). *See* Dkt. No. 1. Defendant interposed an answer on October 12, 2010, *see* Dkt. No. 7. Plaintiff filed a brief in support of her complaint on January 14, 2011, *see* Dkt. No. 14; and Defendant filed a brief in opposition on March 4, 2011, *see* Dkt. No. 19. Pursuant to General Order No. 18, Magistrate Judge Bianchini proceeded as if both parties had accompanied their briefs with a motion for judgment on the pleadings. *See* General Order 18.

On April 28, 2011, Magistrate Judge Bianchini issued a Report and Recommendation, in which he recommended that the Court grant Plaintiff's motion for judgment on the pleadings, deny Defendant's motion for judgment on the pleadings, reverse Defendant's decision and remand the case to Defendant pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. *See* Dkt. No. 21 at 11-12. In addition, Magistrate Judge Bianchini recommended that, because the Social Security Administration Appeals Council had previously remanded this case twice and Plaintiff had initially applied for SSI on behalf of J.C. eight years ago, the Court direct Defendant "to complete further administrative proceedings within 60 days of the issuance of this order" and, if the ALJ denied Plaintiff's claim on remand, direct Defendant "to issue a final decision within 60 days of any appeal." *See id.* at 12. Finally, Magistrate Judge Bianchini recommended that, if Defendant did not observe these deadlines, the Court direct Defendant to calculate the benefits owed to Plaintiff immediately unless Plaintiff caused Defendant's delay in meeting those deadlines. *See id.* (quoting *Butts*, 388 F.3d at 387) (citing *Heath*, 2008 WL 1850649, at *2).

Defendant filed objections to Magistrate Judge Bianchini's recommendations that the Court set deadlines by which Defendant must complete all of the proceedings and that, if

Defendant did not meet those deadlines, the Court direct Defendant to calculate benefits immediately. *See generally* Dkt. No. 22. Plaintiff filed a response to those objections. *See* Dkt. No. 23.[1]

In reviewing a magistrate judge's report and recommendation, the district court may decide to accept, reject or modify the recommendations therein. *See* 28 U.S.C. § 636(b)(1). The court conducts a *de novo* review of the magistrate judge's recommendations to which a party objects. *See Pizzaro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). """If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.""" *Salmini v. Astrue*, No. 3:06-CV-458, 2009 WL 1794741, *1 (N.D.N.Y. June 23, 2009) (quoting [*Farid v. Bouey*, 554 F. Supp. 2d 301] at 306 [(N.D.N.Y. 2008)] (quoting *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007))). Finally, even if the parties file no objections, the court must ensure that the face of the record contains no clear error. *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quotation omitted).

The Court has reviewed *de novo* those recommendations to which Defendant objects and for clear error those recommendations to which Defendant does not object. Having completed the appropriate review, the Court concludes that, for the reasons that Magistrate Judge Bianchini stated, remand is appropriate. However, although the Court encourages Defendant to complete

---

[1] In a letter dated January 11, 2012, Plaintiff's counsel advised the Court that Plaintiff's request for the payment of interim benefits if Defendant did not meet the Court's deadlines was moot because, on June 30, 2011, she had filed another application for SSI benefits for J.C.; and, on October 31, 2011, she had received a Notice of Award from the Social Security Administration approving that application and commencing payment of SSI benefits in July 2011. *See* Dkt. No. 25 at 1.

further administrative proceedings as expeditiously as possible, it will not place any deadlines on the completion of such proceedings.[2]  Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Bianchini's April 28, 2011 Report and Recommendation is **ACCEPTED in part and rejected in part**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **DENIED**; and the Court further

**ORDERS** that Defendant's decision denying benefits is **REVERSED**; and the Court further

**ORDERS** that this matter is **REMANDED** for further proceedings in accordance with Magistrate Judge Bianchini's Report and Recommendation pursuant to sentence four of 42 U.S.C. § 405(g); and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiff and close this case.

**IT IS SO ORDERED.**

Dated: March 27, 2012
       Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[2] The Court notes, however, that had J.C. not begun to receive benefits in July 2011, the Court would have seriously considered imposing deadlines for the completion of such proceedings.